# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BARBARA MARTIN,

            Appellant,

        v.

GENERAL SERVICES
   ADMINISTRATION,

            Agency.

DOCKET NUMBER
SF-0752-13-0050-B-2

DATE: May 3, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Barbara Martin</u>, Half Moon Bay, California, pro se.

<u>Deborah Finch</u>, Esquire, San Francisco, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to apply the proper burden of proof to the appellant's claim of retaliation for protected equal employment opportunity (EEO) activity, we AFFIRM the initial decision.

¶2      The agency removed the appellant from her position as a GS-12 Administrative Contracting Officer for unauthorized absence from August 29, 2011, to December 8, 2011, totaling 559.5 hours. *Martin v. General Services Administration*, MSPB Docket No. SF-0752-13-0050-I-1, Initial Appeal File (IAF), Tab 4 at 42, 44-51, 83-86. The agency stated that the appellant had a telework agreement that allowed her to work at home for 3 days each pay period, *id.* at 87, but that she claimed that she was "fully engaged" in working at home during all of the hours cited, despite being unable to identify any work produced during her absence, *id.* The agency determined that the appellant's absence was not justified as telework and that her inconsistent claim that she was unable to work during this period was not supported by medical evidence or by any leave request. *Id.* at 83-86.

¶3      The appellant filed an EEO complaint, which included the issue of her removal. *Id.* at 38. In a final decision, the agency found that she had failed to show that she suffered from a physical disability (eye injury) and that she had not made a prima facie showing of retaliation based on prior EEO activity. The

agency found, though, that the appellant made a prima facie showing of discrimination based on race (Hispanic), sex, and mental disability (anxiety disorder), but that the agency showed it had a legitimate management reason for the action, which the appellant failed to show was pretextual. *Id.* at 22-36.

¶4    On appeal of that decision, the appellant challenged the removal and repeated her claims that the agency's action was due to retaliation for protected EEO activity, physical and mental disability discrimination, and race and sex discrimination.[2] IAF, Tab 1. She requested a hearing. *Id.* at 3.

¶5    Thereafter, the administrative judge issued an initial decision in which she first found that the gravamen of the unauthorized absence charge was absence without leave (AWOL), and she therefore addressed whether the agency had proven that the appellant was AWOL, finding that the agency did prove the charge as to 541.5 hours of the 559.5 hours cited.[3] *Martin v. General Services Administration*, MSPB Docket No. SF-0752-13-0050-B-2, Appeal File (B-2 AF), Tab 51, Initial Decision (B-2 ID) at 14-25. The administrative judge then found that a nexus existed between the sustained charge and the efficiency of the service. *Id*. at 26-27. Regarding the appellant's affirmative defenses, the administrative judge found that she did not prove her claim of retaliation for protected EEO activity, *id*. at 27-30, that she failed to prove that the agency did not provide her a reasonable accommodation, *id*. at 31-32, and that she failed to establish a prima facie case of discrimination based on race and that, even assuming arguendo that she did, the agency articulated a legitimate nondiscriminatory reason for its action, *id*. at 32-33. Finally, the administrative

---

[2] The appellant subsequently withdrew her claim of sex discrimination. *Martin v. General Services Administration*, MSPB Docket No. SF-0752-13-0050-B-1, Appeal File (B-1 AF), Tab 27.

[3] The administrative judge found that the appellant made a timely request for 18 hours of annual leave and that the agency improperly denied that request. *Martin v. General Services Administration*, MSPB Docket No. SF-0752-13-0050-B-2, Appeal File (B-2 AF), Tab 51, Initial Decision (B-2 ID) at 15, 22-23.

judge found that the deciding official considered the *Douglas* factors[4] in determining to remove the appellant, that he exercised his discretion within the tolerable limits of reasonableness, and that, based on the sustained charge, the penalty of removal was not so excessive so as to suggest an abuse of discretion. *Id*. at 33-34. Accordingly, the administrative judge affirmed the agency's action. *Id*. at 2, 34.

¶6        The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 2, to which the agency has responded in opposition, PFR File, Tab 4.

The AWOL charge was properly sustained.

¶7        On review, the appellant challenges the administrative judge's finding that she was AWOL during the period in question,[5] maintaining that she was "not absent, was not unreachable, was not unresponsive . . . ." PFR File, Tab 2 at 18. The appellant, however, has misstated the requirements for proving an AWOL charge. For an agency to prove such a charge, it must show that the employee was absent, and that her absence was not authorized, or that her request for leave was properly denied. *Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 6 (2009). The administrative judge found that the appellant was absent on the dates and times set forth in the proposal notice and that she did not request leave for 541.5 of those hours. B-2 ID at 14-15, 26. The administrative judge rejected the appellant's claim that she was "fully engaged" during the charged hours, finding that she was not approved for full-time telework, IAF, Tab 4 at 87-88, and that she knew she could not change her telework status at will, *id.* at 89-91, 99, 101-04, B-2 ID at 15-17; that the appellant performed no meaningful work during the 541.5 hours, failing to provide evidence of any work completed despite being

---

[4] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of twelve factors, both aggravating and mitigating, that are relevant to the penalty determination in adverse action cases.

[5] For ease of analysis, we have addressed the appellant's allegations on review in a different order than that in which they were raised.

afforded several opportunities to do so, B-2 ID at 17-19; that the appellant never requested leave to cover the absences, *id.* at 19-20; that her request for advanced sick leave was not a request for leave for the time period at issue, B-2 AF, Tab 10 at 72, and that her supervisor's denial of that request was not an abuse of discretion, *id.* at 71, B-2 ID at 20-21; that her supervisor's denial of her request for 131.5 hours of official time to work on her EEO complaint, IAF, Tab 4 at 106, was not an improper denial of a leave request because the appellant was on unauthorized absence at the time and not otherwise on duty, B-2 AF, Tab 10 at 120, B-2 ID at 21; and that her unauthorized absence was not cured when, in response to the notice of proposed removal, she provided the deciding official with medical documentation covering the entire period of absence because she did not request leave, but rather insisted on being paid for the time, claiming she was "required to stay engaged," B-2 AF, Tab 37 at 111, B-2 ID at 23-25. The appellant has not shown error in the administrative judge's findings that she was not approved for full-time telework, failed to show that she performed any meaningful work during the period in question, and did not request leave to cover the vast majority of her absences. Under the circumstances, we find that the administrative judge properly sustained the AWOL charge. *Wesley v. U.S. Postal Service*, 94 M.S.P.R. 277, ¶ 15 (2003); *see Little*, 112 M.S.P.R. 224, ¶ 6.

The administrative judge's credibility determinations are entitled to deference.

¶8        In connection with the administrative judge's findings, the appellant contends that she was unfairly found not credible. She argues that the events in question occurred several years ago and led to extreme emotional distress and mental confusion from which she still suffers the residual effects. PFR File, Tab 2 at 6. In making her preliminary determinations, the administrative judge found that the appellant's testimony and statements regarding her employment with the agency and the absences in question were not credible based on her demeanor, the inconsistency of her statements over time, the inconsistency of her version of events with other evidence, and the inherent improbability of her

description of events. B-2 ID at 11-13; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (when resolving credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor). The administrative judge referred to various instances in the record where the appellant made misleading or demonstrably false statements to management officials or other individuals during the course of her employment, found that her testimony during the hearing and her submissions in the appeal included statements that, at best, lacked candor, and provided several specific examples supporting her findings. As such, the administrative judge determined that the appellant's testimony merited little weight. B-2 ID at 12-13. Additionally, the administrative judge found that both the deciding official and the appellant's supervisor were credible witnesses, also applying the *Hillen* factors in reaching those determinations. B-2 ID at 13-14.

¶9    Based on the appellant's arguments on review, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same); *see Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002) (holding that the Board may overturn credibility determinations only when it has "sufficiently sound" reasons

for doing so). The appellant's mere disagreement with the administrative judge's findings and credibility determinations does not warrant full review of the record by the Board. *Gager v. Department of Commerce*, 99 M.S.P.R. 216, ¶ 5 (2005).

The appellant did not establish her claim of disability discrimination based on the denial of reasonable accommodation.

¶10    On review, the appellant disputes the administrative judge's finding that she did not establish her claim of disability discrimination. PFR File, Tab 2 at 11-13. In addressing the appellant's claim that the agency failed to reasonably accommodate her disabilities, the administrative judge assumed without finding that the appellant is a qualified person with a disability. B-2 ID at 30-32. The administrative judge found that the accommodation the appellant requested, reassignment to work for a new supervisor, is one that the law does not require, *id*. at 31, and that, as to other potential accommodations the appellant articulated during the proceedings, including allowing her to perform full-time telework and requiring her supervisor to change her supervisory style, the appellant did not request either of these accommodations during the time period at issue or otherwise put the agency on notice that it should have considered such adjustments as appropriate, *id*. at 31-32.

¶11    We first address the appellant's claim that the agency denied her the accommodation of being allowed to telework on a full-time basis. PFR File, Tab 2 at 12. In providing reasonable accommodation, an agency is not required to modify or eliminate duties that are an essential function of a position. *Johnson v. U.S. Postal Service*, 120 M.S.P.R. 87, ¶ 10 (2013). Although the appellant disagrees, both her supervisor and the deciding official testified that the appellant could not perform the full scope of her duties if she teleworked on a full-time basis. Hearing Compact Disc (HCD), Mar. 11, 2015; HCD, Feb. 5, 2015. As noted earlier, the administrative judge found both of these witnesses to be credible. B-2 ID at 13-14. And, while the appellant claims that she

teleworked successfully for "years prior," PFR File, Tab 2 at 12, she does not claim, nor does the record reflect, that she ever teleworked on a full-time basis.

¶12 We next address the appellant's claim that the agency denied her the accommodation of being assigned to a new supervisor, even though there apparently were three other supervisors to whom she could have been assigned. *Id*. As the administrative judge found, however, an employer is not required, as part of its duty to provide reasonable accommodation, to assign an employee to a different supervisor.[6] B-2 ID at 31; *see Weiler v. Household Finance Corp.*, 101 F.3d 519, 526-27 (7th Cir. 1996).

The appellant did not establish her claim of retaliation for protected EEO activity.

¶13 Regarding the appellant's claim that the agency's action was in retaliation for her protected EEO activity, she acknowledges on review that "[i]t may not be obvious that GSA made a direct connect from EEO activity to termination," but she insists that she was targeted "for some reason." PFR File, Tab 2 at 20. The administrative judge determined that the appellant did not prove her claim, finding no evidence that she was removed for her EEO activity or that the actions

---

[6] To the extent the appellant now attempts to argue that other agency employees in the same pay grade or in similar roles were allowed to telework and to report to other supervisors, PFR File, Tab 2 at 12, this constitutes a claim of disability discrimination based on disparate treatment. She did not challenge the administrative judge's statement below in a summary of prehearing conference that it appeared she was raising a claim of disability discrimination under a failure to accommodate theory despite the administrative judge's statement that she needed to state any additional disability discrimination theories she intended to raise. B-1 AF, Tab 27 at 2-3. Although she was afforded an opportunity below to argue disability discrimination based on a disparate treatment theory, she did not do so. As such, she may not raise the issue on review. *See Miller v. U.S. Postal Service*, 117 M.S.P.R. 557, ¶ 7 (2012) (finding that the failure to object to the administrative judge's ruling excluding evidence during proceedings below precluded a party from challenging that ruling on review); *Crowe v. Small Business Administration*, 53 M.S.P.R. 631, 634-35 (1992) (stating that an appellant may not object on review to an administrative judge's exclusion of evidence on an issue when the issue is not included in the memorandum summarizing the prehearing conference, the parties were afforded an opportunity to file an addition or correction to the summary, and no such addition or correction was filed).

of her supervisors were motivated by retaliation for such activity.[7]  B-2 ID at 27-30.   The administrative judge specifically considered the "Gingerbread incident" that occurred in December 2011 at the office holiday party when the legal division prepared a gingerbread house labeled as an agency building with a flattened and injured gingerbread man next to it, along with the words "Torte Denied."   The administrative judge found that nothing about the holiday party joke appeared to be aimed at the appellant.  *Id*. at 28-29.  On review, the appellant argues that the administrative judge "misrepresent[ed]" the incident, although the appellant claims that she "never said it was retaliatory" or "even specifically directed at [her]."  PFR File, Tab 2 at 20.  Even if the appellant found the incident "deeply disturbing," as she claims, she has not shown error in the administrative judge's finding that, upon weighing all of the evidence, the appellant has not met her overall burden of proving illegal retaliation.[8]  B-2 ID at 27-30; *Simien v. U.S. Postal Service*, 99 M.S.P.R. 237, ¶ 28 (2005).

The appellant did not suffer a constructive suspension.

¶14        The appellant also claims on review, PFR File, Tab 2 at 7, as she did below, an "alternate defense," which is that she suffered a "constructive discharge" at the hands of the agency, B-2 AF, Tab 7.  She acknowledged below that she did not formally resign or retire, *id.* at 4, instead claiming that she was "fully engaged"

---

[7] In *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 51 (2015), issued after the initial decision in this case, the Board modified the test for establishing retaliation for protected EEO activity, holding that, when an appellant asserts such an affirmative defense, the Board first will inquire whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action.  Under this test, we find that the appellant failed to make such a showing regarding her claim of retaliation for protected EEO activity.  Therefore, her substantive rights have not been prejudiced by the administrative judge's application of the previously approved method of proving this claim.  *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

[8] The appellant has not challenged on review the administrative judge's finding that she did not establish her claim of race discrimination, and we find no basis upon which to disturb it.

while working at home full time.  Concluding that she was not so engaged, the agency charged her AWOL for the entire time.   The administrative judge agreed, save 18 hours for which she found the agency improperly denied the appellant annual leave.  We find that, apart from those 18 hours, the appellant otherwise purposefully took no leave during the period in question, and therefore she did not suffer a constructive *suspension*.  *See Romero v. U.S. Postal Service*, 121 M.S.P.R. 606, ¶ 8 (2014).

<u>The appellant did not establish adjudicatory error on the part of the administrative judge.</u>

¶15        On review, the appellant makes a number of allegations of adjudicatory error.  She argues that the administrative judge limited the scope of the hearing and the evidence that was submitted.  PFR File, Tab 2 at 6.  She claims that "the Union" gathered six boxes of evidence, most of which was not allowed because her attorney asked to enter documents, but was denied.  *Id.*  A petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record. *Herndon v. Department of the Navy*, 97 M.S.P.R. 609, ¶ 7 (2004).  Regarding this claim, the appellant's general statement referencing an abuse of discretion by the administrative judge clearly lacks the necessary specificity to justify such a review.

¶16        Next, the appellant alleges that the administrative judge did not allow her former representative to be a witness, but did allow the agency's former representative to testify.  PFR File, Tab 2 at 6.  The record reflects, however, that the appellant's current representative did not request her former representative as a witness, B-2 AF, Tab 10, whereas the agency's current representative did request its former representative as a witness, explaining the narrow scope of her proposed testimony, and on that basis, the administrative judge approved her to testify, *Martin v. General Services Administration*, MSPB Docket No. SF-0752-13-0050-B-1, Appeal File (B-1 AF), Tab 15.  The appellant further argues that

she had only two witnesses whereas the agency had "day after day of witnesses." PFR File, Tab 2 at 6. The appellant's assertions are not borne out by the record. The administrative judge originally approved four witnesses for the agency, including its former representative, the appellant's supervisor, and the appellant herself. At the prehearing conference, the administrative judge approved seven witnesses for the appellant, including the appellant's supervisor and the appellant, noting at that time that she had withdrawn her request for four additional witnesses. B-1 AF, Tab 27. Prior to withdrawing from the case, the appellant's former representative submitted an "updated" witness list, B-1 AF, Tab 29, but during the conference that followed, the administrative judge noted that the appellant had withdrawn her request for two of those witnesses and denied four others on the basis that the appellant had failed to show the relevancy of their proposed testimony. B-1 AF, Tab 30.

¶17     An administrative judge has wide discretion to exclude witnesses where it has not been shown that their testimony would be relevant, material, and nonrepetitious. *Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985). Moreover, the Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion. *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table). Based on the lack of specificity in the appellant's claims and our review of the record, we discern no abuse of discretion in the administrative judge's witness rulings.

¶18     The appellant also argues on review that the administrative judge erred in not requiring the agency to produce records a union representative sought on her behalf that she claims would show that she regularly logged in to her computer during the time she was charged AWOL. PFR File, Tab 2 at 5. The appellant further claims that she was forced to file a Freedom of Information Act (FOIA) request to obtain the documents but that the agency notified her that she would have to pay for the data in an amount she claims is substantially higher than

allowed under FOIA regulations. *Id.* The record reflects that, when the appellant notified the administrative judge that she intended to change representatives, the administrative judge advised the parties that "there will be no additional discovery permitted even in the event a new representative is designated." B-1 AF, Tab 30. Shortly after that, the administrative judge dismissed the appeal without prejudice, stating that it would be automatically refiled on a date certain to allow the appellant to secure new representation. B-1 AF, Tab 35. She did so, and the appeal was refiled on the date designated by the administrative judge. B-2 AF, Tabs 1, 3. Subsequently, the appellant's new representative filed a motion to compel the agency to produce the log-in information. B-2 AF, Tab 7. The agency opposed the appellant's motion. B-2 AF, Tab 8. The administrative judge did not rule on the motion, although, during a status conference, she did remind the parties of her earlier ruling that no new discovery would be permitted. B-2 AF, Tab 20. Notwithstanding, on or around the first day of the hearing, the administrative judge directed the agency to provide the appellant with her leave usage records for 2011. According to the appellant, the agency provided a table summary for the entire year, but a set of leave records for only 9 months of the year, and so she filed a motion to compel production of the remainder of the documents. B-2 AF, Tab 35. After indicating its intention to provide them, B-2 AF, Tab 36, the agency submitted more than 100 pages of documents, including the appellant's archived primary timecards for the period from January 2, 2011, to February 25, 2012, with codes, leave requests and related correspondence, and a leave calendar. B-2 AF, Tab 37. In renewing her motion to compel, however, the appellant argued that the agency had "selectively withheld essential documents," B-2 AF, Tab 38, although the agency disputed that claim, B-2 AF, Tab 39.

¶19    The appellant asserts on review only that the data she sought would have proven that she routinely logged in to her computer during the period in question. PFR File, Tab 2 at 5. However, any such evidence would not change the fact that

she was not approved for full-time telework and did not account for her time, despite being given several opportunities to do so. Therefore, even if the administrative judge abused her discretion in not requiring the agency to submit more, or more complete, documentation of the appellant's log-ins during the period in question, she has failed to show any prejudice to her substantive rights. *Panter*, 22 M.S.P.R. at 282.

¶20 Citing various blogs and websites as part of her "cursory research," the appellant claims on review that, based on their rates of affirmance, both the administrative judge and the Board in general are biased against employees. PFR File, Tab 2 at 4-5. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). Furthermore, an allegation of bias by an administrative judge must be raised as soon as practicable after a party has reasonable cause to believe that grounds for disqualification exist, and must be supported by an affidavit. *Lee v. U.S. Postal Service*, 48 M.S.P.R. 274, 280-82 (1991). The appellant has not met these requirements. *Simmons v. Small Business Administration*, 115 M.S.P.R. 647, ¶ 10 (2011); *Schneider v. Department of Homeland Security*, 98 M.S.P.R. 377, ¶ 7 (2005). Moreover, to establish that an administrative judge was biased, a party generally must show that any such bias constitutes extrajudicial conduct, rather than conduct arising in the administrative proceeding. *Ali v. Department of the Army*, 50 M.S.P.R. 563, 568 (1991). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The appellant has failed to make such a showing as to the administrative judge's conduct during the Board proceeding.

¶21     The appellant argues on review that the agency refused to settle her case despite repeated requests from the administrative judge that the parties consider settlement.  PFR File, Tab 2 at 21-22.  Although the Board "strongly encourages" settlement, discussion of possible options is not required if either party concludes in good faith that no compromise of any kind is possible.  IAF, Tab 2.  The appellant has shown no support for her claim that agencies in all cases must be required to engage in settlement discussions, and we are aware of no such support.[9]

The appellant has not submitted new and material evidence.

¶22     With her petition for review, the appellant has submitted copies of "sample communication with 'Upper Management,'" specifically, email exchanges.  PFR File, Tab 2 at 22-24.  One of the emails was part of the record below, IAF, Tab 4 at 94, and therefore is not new evidence.  *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).  The others date from 2011, well before the close of the record below.  In the absence of a showing, or even a suggestion, that those

---

[9] The appellant argues that the agency violated the Fair Labor and Standards Act by not paying her for the 3 days per pay period that she was allowed to telework and she asks to be paid for that time.  PFR File, Tab 2 at 13-14.  The agency has shown, however, that the appellant did not perform compensable work during the period in question, including her approved telework days.  B-2 ID at 17-19.  The appellant also claims that her pay should not have been "taken back," *id.* at 15, and that these failures on the part of the agency have left her in financial ruin, *id.* at 16.  The pay "taken back" resulted from the fact that the appellant was originally awarded Office of Workers' Compensation Programs benefits in the form of Continuation of Pay for 29 days in 2011 for an eye injury she suffered, allegedly due to a defective computer monitor.  The claim was subsequently denied, however, with the result that the appellant was paid funds to which she was not entitled.  B-1 AF, Tab 15 at 20-22.  As instructed, the agency allowed her to choose whether she wished to charge the hours in question to her annual leave or sick leave account, but when she repeatedly declined to choose, B-2 AF, Tab 37 at 73-76, the agency eventually placed her in a nonpay status and collected her indebtedness through her pay, B-1 AF, Tab 23 at 79-81.  That time period occurred months before the dates at issue in this appeal and therefore has no bearing on it.  Neither is the appellant's current financial situation a factor for consideration in this case.

emails were unavailable despite the appellant's due diligence, we will not consider them. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court.

*See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                    _____
                                              William D. Spencer
                                              Clerk of the Board

Washington, D.C.